UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN P. BONHAM,<br><br>                Plaintiff,<br>    v.<br><br>R. BAKER, *et al.*,<br><br>                Defendants. | Case No. 3:18-cv-00242-MMD-WGC<br><br>ORDER |

Plaintiff Bryan P. Bonham, who is in the custody of the Nevada Department of Corrections, brought this civil rights case under 42 U.S.C. § 1983. (ECF No. 4.) Before the Court is Plaintiff's motion for reconsideration of the Court's screening order (ECF No. 3) dismissing Plaintiff's Fifth Amendment claim with prejudice ("Motion"). (ECF No. 17.) The Court will deny the Motion because it presents no valid basis for reconsideration.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

In the Motion, Plaintiff argues that the Court improperly dismissed his Fifth Amendment claim because the Fifth Amendment's due process clause applies to state prison officials under the supremacy clause and the Fourteenth Amendment. (ECF No. 17.) That is not the law. Courts have long recognized that the Fifth Amendment's due process clause applies only to the federal government. *See Barron v. City of Baltimore,* 32 U.S. 243 (1833) ("[T]he fifth amendment must be understood as restraining the power of the general government, not as applicable to the states."); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause only applies to the federal government."). The Fourteenth Amendment—not the Fifth Amendment—protects against state deprivations of due process. *See, e.g.*, *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.") The law has not changed since the Court dismissed Plaintiff's Fifth Amendment claim. Additionally, Plaintiff provides no newly discovered evidence, does not identify any clear error on the part of the Court, nor shows that the Court's initial decision was manifestly unjust. As such, there is no valid basis for reconsideration.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 17) is denied.

DATED THIS 5th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE