1

2

3

4

5                    **UNITED STATES DISTRICT COURT**
                              **DISTRICT OF NEVADA**

6

7    BRYAN BONHAM,                          Case No.: 3:18-cv-00242-MMD-WGC

8         Plaintiff,                        **ORDER**

9    v.                                     Re: ECF No. 48

10   STATE OF NEVADA, et al.,

11        Defendants.

12

13        Before the court is Plaintiff's "Ex Parte Motion for Appointment of Counsel and Request

14   for an Evidentiary Hearing" (ECF No. 48). Plaintiff bases his motion on the fact that (1) he is

15   unable to afford counsel, (2) the substantive issues and procedural matters in this case are too

16   complex for Plaintiff's comprehension and abilities, and (3) that "counsel is necessary to proceed

17   with discovery." (*Id.* at 2.)

18        While any *pro se* inmate such as Mr. Bonham would likely benefit from services of

19   counsel, that is not the standard this court must employ in determining whether counsel should be

20   appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

21        A litigant in a civil rights action does not have a Sixth Amendment right to appointed

22   counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme

23   Court has generally stated that although Congress provided relief for violation of one's civil rights

1  under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to

2  federal court and not a right to discover such claims or even to litigate them effectively once filed

3  with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

4       In very limited circumstances, federal courts are empowered to request an attorney to

5  represent an indigent civil litigant.  The circumstances in which a court will grant such a request,

6  however, are exceedingly rare, and the court will grant the request under only extraordinary

7  circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986);

8  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

9       A finding of such exceptional or extraordinary circumstances requires that the court

10  evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to

11  articulate his claims in light of the complexity of the legal issues involved. Neither factor is

12  controlling; both must be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015,

13  1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has shown an

14  ability to articulate his claims. (ECF Nos. 1, 17, 22, 23, 25, 27, 28, 31, 43, 46.)

15       In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

16           If all that was required to establish successfully the
             complexity of the relevant issues was a demonstration of
17           the need for development of further facts, practically all
             cases would involve complex legal issues. Thus,
18           although Wilborn may have found it difficult to
             articulate his claims *pro se*, he has neither demonstrated
19           a likelihood of success on the merits nor shown that the
             complexity of the issues involved was sufficient to
20           require designation of counsel.

21  The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying

22  the request for appointment of counsel because the Plaintiff failed to establish the case was

23  complex as to facts or law. 789 F.2d at 1331.

2

The substantive claims involved in this action are not unduly complex. Plaintiff's complaint was allowed to proceed on the Fourteenth Amendment due process claim against Defendants Gouvea, Carpenter, Baker, and Wickham. (ECF No. 3 at 6.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.   In fact, Plaintiff has not discussed this issue whatsoever.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)].   Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's "Ex Parte Motion for Appointment of Counsel and Request for an Evidentiary Hearing" (ECF No. 48).

**IT IS SO ORDERED.**

Dated: June 30, 2020.

William G. Cobb
_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3