UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN BONHAM,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:18-cv-00242-MMD-WGC<br><br>ORDER |

## I.  SUMMARY

*Pro se* Plaintiff Bryan Bonham, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. (ECF No. 4.) Defendants are Warden Renee Baker, Correctional Officer David Carpenter, Correctional Officer Jaime Gouveia, and Deputy Director of Operations Harold Wickham. Plaintiff filed a motion for summary judgment ("Plaintiff's Motion") (ECF No. 31); Defendants also filed a motion for summary judgment ("Defendants' Motion") (ECF No. 40.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb, recommending the Court grant Defendants' Motion in part and deny it in part, and deny Plaintiff's Motion. (ECF No. 70.) Plaintiff filed an objection to the R&R. (ECF No. 71 ("Objection").) Because the Court agrees with Judge Cobb's analysis the Court will adopt the R&R in its entirety.

## II.  BACKGROUND

### A.  Notice of Charges and Disciplinary Hearing

Plaintiff's booking summary report indicates he was brought into the custody of NDOC on October 27, 2015. (ECF No. 32-1.) That report states that Plaintiff had two tattoos: one on his upper right arm consisting of a cross with the name "Tyler," and another

1  on his back that read "TAZ." (*Id.*) The report does not indicate that Plaintiff had a tattoo on
2  his left forearm.
3        On November 5, 2017, Defendant Gouveia wrote Plaintiff a notice of charges for
4  tattooing or possession of a tattoo device.[1] (ECF No. 32-2.) The report indicates that
5  Gouveia noticed Plaintiff "had some pealing on his left forearm" and "upon inspection of
6  his arm I noticed what appeared to be a somewhat fresh tattoo still in its healing stage."
7  (*Id.* at 2.) Gouveia further reports that he asked how old the tattoo was and if Plaintiff had
8  received it while he was an inmate. (*Id.*) Plaintiff allegedly responded "man this tattoo is
9  old I had it for a couple of months already." (*Id.*) Plaintiff allegedly also confirmed that he
10 received his tattoo "here in this unit." (*Id.*) Gouveia's report includes four pictures of the
11 tattoo in question. (*Id.* at 3-6.) The same day, Plaintiff was taken to medical where a nurse
12 wrote up a "Medical Report of Incident, Injury, or Unusual Occurrence." (ECF No. 34-1 at
13 2.) Under the description section, the report states "Fresh tattoo. Inmate states 'the cop
14 said it looks like a fresh tattoo [and] this one is not documented." (*Id.*) Plaintiff disputes
15 that he told Gouveia he had the tattoo for a couple of months, or that he got it in the unit.
16       Plaintiff had a preliminary hearing before Defendant Officer Aaron Harroun on
17 November 9, 2017. (ECF No. 32-3 at 2.) Plaintiff pled not guilty to the charge on the ground
18 that the tattoo was not fresh, and indicated he would like to call Senior Correctional Officer
19 Fonoimoana as a witness. (*Id.*) Harroun referred the matter for a disciplinary hearing,
20 which was presided over by Defendant Carpenter. (ECF No. 32-4 at 2.) Under the heading
21 "witness information," the disciplinary form states: "The inmate called officer Fonoimoana
22 as a witness. She was allowed and did tell me that her opinion was that the tattoo was not
23 fresh." (*Id.*) The disciplinary hearing report states the witness was accepted as relevant,
24 but Carpenter found Plaintiff guilty regardless because he relied on Gouveia's report as
25 well as the medical occurrence form. (*Id.*) Plaintiff disputes Fonoimoana was actually
26 called as a witness.
27
28      [1]NDOC Administrative Regulation ("AR")_707 classifies tattooing as a Class C "major violation." (ECF No. 32-6 at 11.)

2

### B.     Administrative Appeals

Plaintiff filed his first disciplinary appeal on December 11, 2017, arguing that he never told Gouveia he got the tattoo within the last few months while in his unit. (ECF No. 32-5 at 12-18.) Defendant Baker denied the first level appeal because she found there was substantial compliance with the requirements of AR 707.[2] (*Id.* at 6.) She concluded that Carpenter's reliance on Gouveia's report, the medical report, Plaintiff's statement, and photographs of the tattoo constituted "some evidence" to support the hearing officer's decision, and the sanctions were appropriate. (*Id.*) She further clarified that due to Plaintiff's admission that he had received the tattoo while in the unit, even if it was not immediately new, it was still a new tattoo from the time of his intake into the system. (*Id.*)

Plaintiff then filed a second level appeal, asserting he never told Gouveia he got the tattoo in this unit and that Baker was lying. (*Id.* at 2.) Defendant Wickham denied the appeal, also finding the hearing officer's finding of guilt was based on "some evidence," citing the officer's report, photos, and medical report. Wickham then stated that Plaintiff admitted in his statements that the tattoo was not new, but was new within the system. (*Id.* at 3.)

### C.     Civil Case

Plaintiff filed this action alleging that Defendants violated his Fourteenth Amendment right to due process of law. (ECF No. 4.) Plaintiff argues that Gouveia issued a notice of charges against him that was false, Carpenter denied him the right to call Fonoimoana as a witness, and Baker and Wickham failed to rectify the violations on appeal. (*Id.*) Plaintiff moved for summary judgment. (ECF No. 31.) Defendants responded (ECF No. 32), then also moved for summary judgment.[3] (ECF No. 40.)

Judge Cobb recommends the Court deny Plaintiff's Motion, and grant Defendants' Motion in part. (ECF No. 70 at 16-17.) Specifically, he recommends that Defendants'

---

[2]AR 707 requires the hearing officer's determination to be based on "some evidence." (ECF No. 32-6 at 5.)

[3]Plaintiff responded to Defendants' Motion. (ECF No. 64.)

summary judgment be granted as to Plaintiff's claim against Defendant Gouveia, but denied as to Defendants Carpenter, Baker, and Wickham. (*Id.*) Plaintiff filed an objection ("Objection") to the recommendation to deny his Motion. (ECF No. 71.) Defendants did not respond to Plaintiff's Objection or file an objection of their own.

## III. LEGAL STANDARDS

### A. Report and Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the

suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

Judge Cobb determined there were three main arguments in the cross-motions for summary judgment. First, whether Defendants' decision to find Plaintiff guilty of the MJ56 tattooing charge was supported by "some evidence" as required by AR 707. Second, whether Defendants deprived Plaintiff of due process by not allowing him to call Fonoimoana as a witness in his defense. And third, whether Defendants were immune from suit under the doctrine of qualified immunity.

The Court will first address Plaintiff's Motion and Objection, and then Judge Cobb's recommendation as to Defendants' Motion. Because the Court agrees with Judge Cobb, the Court will adopt the R&R in full.

### A. Plaintiff's Motion and Objection

Plaintiff states in his Objection that he does not understand why his Motion is recommended to be denied when Judge Cobb had agreed he could proceed with his claim that his due process rights were violated by not being allowed to call a witness on his behalf. (ECF No. 71 at 7.) To succeed on a motion for summary judgment, a plaintiff must prove (1) that there is no genuine dispute of material fact, and (2) that he is entitled to judgement as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322. In essence, Plaintiff agrees with the outcome of Judge Cobb's R&R, stating "The Court recommends Plaintiff only proceed with his due process claim insofar as he alleges that his due process rights were violated when his requested witness was not called. That is the basis of his complaint. If its recommended that this proceed why was his motion for summary judgment denied?" (ECF No. 71 at 7.) But Judge Cobb denied Plaintiff's Motion because there is a dispute of fact,

The Court agrees with Judge Cobb that Plaintiff has not shown that there is no dispute of any material fact:

> While the disciplinary hearing form reflects that Plaintiff was allowed to call Officer Fonoimoana as a witness during the hearing, Carpenter's discovery responses, submitted by Plaintiff, indicated that this was not the case. Neither Defendants' response to Plaintiff's motion for summary judgment nor Defendants' own motion for summary judgment addresses this discrepancy. Thus, there is a genuine dispute of material fact as to whether Plaintiff was allowed to call Fonoimoana as a witness.

(ECF No. 70 at 10.)

After independently reviewing the parties' briefs and the supporting evidence submitted, the Court agrees with Judge Cobb's reasoning. Plaintiff's Motion would only have been successful if both parties agreed on the material facts, and Plaintiff was entitled to judgment as a matter of law. But Defendants dispute that Plaintiff was not allowed to call Fonoimoana as a witness. Therefore, Plaintiff may proceed with his Fourteenth

Amendment claim, but is not entitled to summary judgment.

### B. Defendants' Motion

Judge Cobb identified two arguments in Plaintiff's Fourteenth Amendment claim: that Plaintiff's hearings were constitutionally deficient because he was not allowed to call a witness, and that Defendants' decision to find him guilty of the MJ65 charge was unsupported by some evidence. (ECF No. 70 at 7.) First, Judge Cobb determined that Defendant Gouveia was not involved in denying Plaintiff's right to call a witness at his disciplinary hearing, and recommended summary judgment be granted as to Gouveia on this argument. (*Id.* at 15-16.) But Judge Cobb found that summary judgment was not appropriate as to Defendants Carpenter, Baker, and Wickham, because "viewing the facts in the light most favorable to Plaintiff, Carpenter did not allow Plaintiff to call his witness and never provided a reason for doing so." (*Id.* at 11.) Accordingly, Judge Cobb recommended that Defendants' Motion be denied as to Carpenter, Baker, and Wickham on the question of whether Plaintiff's due process rights were violated when he was not allowed to call a witness, but granted as to Gouveia.

Next, Judge Cobb applied the highly deferential standard set forth by the United States Supreme Court that "the relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." (*Id.* at 11 (citing *Wapole v. Hill*, 472 U.S. 445, 455-56 (1985).) Finding that Defendants had relied upon 'some evidence' in their determinations, Judge Cobb recommended the Court grant Defendants' Motion on this argument.

The Court agrees with Judge Cobb's findings. Accordingly, the Court will adopt the R&R, and will deny Defendants' Motion in part, and grant it in part, as specified herein.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

7

It is therefore ordered that Plaintiff's objection (ECF No. 71) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 70) is adopted in full.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 31) is denied.

It is further ordered that Defendants' motion for summary judgment (ECF No. 40) is granted in part, and denied part. Plaintiff's claim that Defendants Renee Baker, David Carpenter, and Harold Wickham violated his Fourteenth Amendment procedural due process rights by not allowing him to call a witness in his defense will proceed. However, Defendants' motion for summary judgment is granted as to Plaintiff's Fourteenth Amendment claim against Defendant Jaime Gouveia. His claim against Defendant Gouveia will not proceed. Further, Defendants' Motion is granted as to all Defendants' insofar as Plaintiff disputes that their decisions and affirmations of his guilty verdict were not based on "some evidence." Those claims will not proceed.

DATED THIS 26th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE