UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN P. BONHAM,<br><br>                    Plaintiff,<br>    v.<br>R. BAKER, *et al.*,<br><br>                    Defendants. | Case No. 3:18-cv-00242-MMD-WGC<br><br>ORDER |

*Pro se* Plaintiff Bryan P. Bonham brought this action under 42 U.S.C. § 1983. (ECF No. 4.) During a settlement conference on March 25, 2021, Bonham verbally agreed to dismiss this action with prejudice. (ECF No. 78.) U.S. Magistrate Judge William G. Cobb ordered the parties to sign a stipulation for dismissal and file it with the Court no later than April 26, 2021. (*Id.*) When the deadline passed and no stipulation was filed, the Court ordered the parties to show cause by May 18, 2021, why the case should not be dismissed. (ECF No. 79.) That deadline has now expired, and Plaintiff has not responded to the Court's order.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

---

[1] Defendants filed a response stating that they are not opposed to dismissal. (ECF No. 80.)

amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Cobb's order requiring the parties to file a stipulation for dismissal indicated: "in the event Pro Se Plaintiff does not sign the stipulation for dismissal, this record of the proceedings will be referred to the Chief District Judge for dismissal of the case."

(ECF No. 78.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a stipulation. Further, the Court gave Bonham an opportunity to explain why his case should not be dismissed. (ECF No. 79.) Bonham did not file a response to the order to show cause.

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's failure to file a stipulation to dismiss or otherwise show cause why his statements at the settlement conference did not constitute an intent to dismiss his case.

The Clerk of Court is directed to close this case.

DATED THIS 24th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE